# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

**THERNELL SMITH,**

                          **Plaintiff,**                     03-CV-0738(Sr)

v.

**K. MACKAY and P. WEED,**

                          **Defendants.**

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment. Dkt. #12.

Plaintiff filed this *pro se* action on or about September 11, 2003 in the Northern District of New York seeking relief pursuant to 42 U.S.C. § 1983. Dkt. #5. Thereafter, the case was transferred to the Western District of New York. *Id*. Plaintiff alleges that while an inmate at the Southport Correctional Facility ("Southport"), his rights pursuant to the Eighth Amendment to the United States Constitution were violated.[1] *Id*. Currently before the Court are defendants' motion for summary judgment

---

[1] By Decision and Order filed February 6, 2004, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, United States District Judge William M. Skretny dismissed the claims against all of the named defendants except defendants Mackay and Weed. Accordingly, the only remaining claims are for excessive use of force and failure to protect against defendants Weed and Mackay respectively. Dkt. #6.

(Dkt. #22) and plaintiff's motion for summary judgment (Dkt. #31). For the following reasons, defendants' motion for summary judgment is denied and plaintiff's motion for summary judgment is denied.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed this action in the Northern District of New York on or about September 11, 2003 against defendants Glenn S. Goord, Michael Corcoran, Michael McGinnis, R. Hazelton, W. Wilcox, Marshall, K. Mackay, B. Potter, P. Weed, D. Flynn and Aderhold pursuant to 42 U.S.C. § 1983, seeking $5,000 in compensatory damages and $10,000 in punitive damages. Dkt. #5. Thereafter, the action was transferred to the Western District of New York. *Id*. By Decision and Order dated February 6, 2004, United States District Judge William M. Skretny dismissed the claims against defendants Goord, Corcoran, McGinnis, R. Hazelton, W. Wilcox, Marshall, B. Potter, D. Flynn and Aderhold with prejudice. Dkt. #6. Accordingly, only plaintiff's claims of excessive use of force against defendant Weed and the failure to protect against defendant Mackay remain. *Id*.

**Plaintiff's Complaint**

Plaintiff alleges that on December 25, 2001, he requested three large legal envelopes, two grievance forms, and three advancement forms from Officer Aderhold. Dkt. #5, ¶ 16. Plaintiff asserts that he received only one grievance form, two advancement forms and was advised that he could not have three legal envelopes. *Id*.

-2-

Later, on December 25, 2001, plaintiff states that he advised Officer Potter that he had three letters to be mailed, that he requested that his pen be exchanged and that he placed the items in the security cart. *Id.* at ¶ 17. According to plaintiff, Officer Potter then placed three small white envelopes and one pen in the security cart. *Id*. Thereafter, plaintiff alleges that he stuck his arms out of the door hatch and into the security cart and demanded three legal envelopes or, in the alternative, to see a Sergeant. *Id*. According to plaintiff, Officer Potter notified the Officer in the control booth to call the Sergeant. *Id*. Plaintiff further alleges that defendant Officer Weed arrived and in an effort to force plaintiff to move his hands back into his cell, defendant Weed pushed the door hatch against his forearms and then used his baton on the door hatch to exert greater force on plaintiff's forearms. *Id*. Specifically, as against defendant Weed, plaintiff alleges,

> Officer Weed, then arrived and moved the security cart a little away from the cell door, at this time, he then forcefully pushed the door hatch against my forearms. Then in an attempt to enforce more force, Officer Weed, used his baton on the door hatch.

*Id*. When defendant Sergeant Mackay arrived, plaintiff alleges that Officer Weed stated "Smith tried to stick me with a pen." *Id*. at ¶ 18.

Thereafter, plaintiff alleges that Sergeant Mackay instructed plaintiff to pull his hands inside his cell and plaintiff replied, "I'm only requesting what I'm entitled too [sic]." *Id*. at ¶ 19. Plaintiff alleges that he requested to speak to a Lieutenant and Sergeant Mackay responded that the Lieutenant was not coming to speak to him,

stating "'only one person is coming to talk to you' ... and if that don't [sic] work, I'm gonna have my Officer's use force." Id. As alleged in the complaint, Officer Flynn came to talk to plaintiff, took plaintiff's mail and pen out of the cart and placed his mail inside the mailbox, and plaintiff stated to Officer Flynn, "'I told him, I would listen to you, but Officer Weed, has gone to [sic] far by lying and assaulting me.'" Id. at ¶ 20. Plaintiff then alleges,

> The security cart was then pulled back from the cell door hatch. Officer Weed, raised his baton above his head, and forcefully came down striking my left wrist. I then pulled my hand in, and my wrist were [sic] badly swollen.

Dkt. #5, ¶ 21. Finally, plaintiff alleges that Nurse Miller treated his injury and that when she left to get an ice bag, "Sgt. Mackay threatened me, stating, 'If I make one false move, his Officer's [sic] will beat the shit out of me.'" Id. at ¶ 22.

**Defendants' Statement of Undisputed Facts**

In contrast to the allegations in plaintiff's complaint, defendants maintain that when defendant Weed arrived at plaintiff's cell, defendant Weed ordered plaintiff to draw his arms back out of the hatch and into his cell, but plaintiff refused. Dkt. #25, ¶ 6. Thereafter, defendants insist that plaintiff "held his pen out through the window and stated that he was going to stab them with his pen." Id. at ¶ 7. Thereafter, defendants submit that the cart was moved and defendant Weed was able to secure the hatch against plaintiff's arms so that he could not move his hands freely in the cart. Id. at ¶ 8. Contrary to plaintiff's allegations, defendants maintain that defendant Weed "did not viciously push the hatch up or use his baton to produce pressure on the hatch." Id. at

¶ 9.  Defendants argue, "any pressure used, though minimal, was made pursuant to 7 N.Y.C.R.R. Sec. 251-1.2(d), which allows the use of physical force against an inmate to enforce compliance with a direct order or to quell a disturbance." *Id*. at ¶ 10.

According to defendants, when defendant Mackay arrived at plaintiff's cell, he attempted to have plaintiff pull his arms back into the cell, but plaintiff refused. *Id*. at ¶ 12.  Defendant Mackay then gave plaintiff several direct orders to pull his arms back from out of the hatch and plaintiff still refused to obey the orders. *Id*.  When Officer Flynn came to speak with plaintiff, plaintiff stated, "[t]his is what's going to happen every time my hatch is opened" and "[i]f you try anything, I'll stick you with my pen." *Id*. at ¶ 16.  Following his discussion with Officer Flynn, defendant Mackay gave plaintiff "a final lawful direct order to pull his arms back into the cell, which he again refused." *Id*. at ¶ 17.  At that time, defendants maintain that defendant Mackay directed defendant Weed to push plaintiff's arms back into the cell. *Id*. at ¶ 18.  Defendant Mackay pulled the cart away from plaintiff's cell and defendant Weed attempted to push plaintiff's arms back into the cell. *Id*. at ¶ 19.  Defendants allege, "[a]s CO Weed tried to push Smith's arms back into his cell, Smith grabbed CO Weed's hand and attempted to stab CO Weed's arm with his pen.  In response to Smith's attempt to stab CO Weed with his pen, Sgt. Mackay directed CO Weed to strike Smith with his baton for his own self-defense.  CO Weed then struck Smith once on his left wrist with his baton" *Id*. at

¶¶ 20 - 21. Finally, defendants state that after defendant Weed used his baton against plaintiff's wrist, plaintiff pulled his arms back into his cell and the hatch was secured without further incident. *Id*. at ¶ 23.

## DISCUSSION AND ANALYSIS

**Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, and must give extra latitude to a *pro se* plaintiff." *Thomas v. Irvin*, 981 F. Supp. 794, 798 (W.D.N.Y. 1997) (internal citations omitted).

A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of conjecture or surmise." *Bryant*, 923 F.2d at 982 (internal citations omitted). A party seeking to defeat a motion for summary judgment,

> must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, that there are specific factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

**Excessive Use of Force Claim**

A claim of cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution has both a subjective and objective component. To satisfy the subjective component, a plaintiff must demonstrate that the defendant "had the necessary level of culpability, shown by actions characterized by 'wantonness' in light of the circumstances surrounding the challenged conduct." *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009), *quoting Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999) and *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). Whether conduct of prison officials can be characterized by "wantonness" is determined by "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wright,* 554 F.3d at 268, *quoting Hudson v. McMillian*, 503

U.S. 1, 7 (1992). The objective component of a claim of cruel and unusual punishment concentrates on the harm done in light of "contemporary standards of decency." *Wright*, 554 F.3d at 268, *quoting Hudson*, 803 U.S. at 8.

"Where a prisoners' allegations and evidentiary proffers could reasonably, if credited, allow a rational factfinder to find that corrections officers used force maliciously and sadistically, our Court has reversed summary dismissals of Eighth Amendment claims of excessive force even where the plaintiff's evidence of injury was slight and the proof of excessive force was weak." *Wright v. Goord*, 554 F.3d 255, 269 (2d Cir. 2009), *citing Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003) ("reversing summary dismissal of prisoner's complaint, though suggesting that prisoner's evidence of an Eighth Amendment violation was 'thin' as to his claim that a corrections officer struck him in the head, neck, shoulder, wrist, abdomen, and groin, where the 'medical records after the ... incident with [that officer] indicated only a slight injury'"); *Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir. 1999) ("vacating district court's *sua sponte* dismissal of prisoner's complaint, though characterizing his 'excessive force claim [a]s weak and his evidence [as] extremely thin' where prisoner alleged that he was hit by prison guards 'after he was handcuffed' but 'the only injuries he suffered were a bruised shin and swelling over his left knee'"). Notwithstanding the foregoing, *"de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind," is not proscribed by the Eighth Amendment's prohibition against cruel and unusual punishment. *Hudson*, 503 U.S. at 10. Indeed, the Supreme

Court has further elaborated, "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id*. at 9.

Plaintiff alleges that defendant Weed maliciously, sadistically and wantonly used excessive force on plaintiff and therefore, subjected plaintiff to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Specifically, plaintiff alleges that defendant Weed pushed the door hatch against plaintiff's arms and then used his baton on the hatch to exert further force. Dkt. #5, ¶ 17. Additionally, plaintiff alleges that defendant Weed "raised his baton above his head, and forcefully came down striking my left wrist." *Id*. at ¶ 21.

Defendants, however, maintain that when defendant Weed ordered plaintiff to draw his arms back out of the hatch and into his cell, plaintiff refused. Dkt. #25, ¶ 6. Thereafter, defendants insist that plaintiff "held his pen out through the window and stated that he was going to stab them with his pen." *Id*. at ¶ 7. Defendants submit that the cart was moved and defendant Weed was able to secure the hatch against plaintiff's arms so that he could not move his hands freely in the cart. *Id*. at ¶ 8. Contrary to plaintiff's allegations, defendants maintain that defendant Weed "did not viciously push the hatch up or use his baton to produce pressure on the hatch." *Id*. at

¶ 9.  Defendants argue, "any pressure used, though minimal, was made pursuant to 7 N.Y.C.R.R. Sec. 251-1.2(d), which allows the use of physical force against an inmate to enforce compliance with a direct order or to quell a disturbance."  *Id*. at ¶ 10.

According to defendants, when defendant Mackay arrived at plaintiff's cell, he attempted to have plaintiff pull his arms back into the cell, but plaintiff refused.  *Id*. at ¶ 12.  Defendant Mackay then gave plaintiff several direct orders to pull his arms back from out of the hatch and plaintiff still refused to obey the orders.  *Id*.  When Officer Flynn came to speak with plaintiff, plaintiff stated, "[t]his is what's going to happen every time my hatch is opened" and "[i]f you try anything, I'll stick you with my pen."  *Id*. at ¶ 16.  Following plaintiff's discussion with Officer Flynn, defendant Mackay gave plaintiff "a final lawful direct order to pull his arms back into the cell, which he again refused." *Id*. at ¶ 17.  At that time, defendants maintain that defendant Mackay directed defendant Weed to push plaintiff's arms back into the cell.  *Id*. at ¶ 18.  Defendant Mackay pulled the cart away from plaintiff's cell and defendant Weed attempted to push plaintiff's arms back into the cell.  *Id*. at ¶ 19.  Defendants allege, "[a]s CO Weed tried to push Smith's arms back into his cell, Smith grabbed CO Weed's hand and attempted to stab CO Weed's arm with his pen.  In response to Smith's attempt to stab CO Weed with his pen, Sgt. Mackay directed CO Weed to strike Smith with his baton for his own self-defense.  CO Weed then struck Smith once on his left wrist with his baton"  *Id*. at ¶¶ 20 - 21.  Finally, defendants state that after defendant Weed used his baton against

plaintiff's wrist, plaintiff pulled his arms back into his cell and the hatch was secured without further incident. *Id*. at ¶ 23.

In the instant case, defendants argue that any force that was applied by defendant Weed was reasonable and done in order to maintain discipline, order and security within the facility or in his own self-defense. Dkt. #27, p.5. Furthermore, defendants contend that any force used by defendant Weed was minimal and not done to maliciously or sadistically harm plaintiff. *Id*. Indeed, defendants assert that the force used was *de minimis* and consistent with DOCS policy which permits officers to use force to enforce compliance with a lawful direction or to quell a disturbance, pursuant to 7 N.Y.C.R.R. Sec. 251-1.2(e). *Id*. at p.6. Lastly, defendants maintain that any injury sustained by plaintiff as a result of any force used by defendant Weed was minimal. *Id*. at p.7. Although the Eighth Amendment's prohibition against cruel and unusual punishment does not typically extend to *de minimis* uses of physical force, plaintiff's allegations suggest that the defendants used force maliciously and sadistically, notwithstanding defendants statements to the contrary. Moreover, following the reasoning articulated by the Second Circuit in *Scott* and *Griffin*, although plaintiff's evidence of an Eighth Amendment violation may be "weak" and "thin" and plaintiff's medical records may be indicative of only a "slight injury," this Court finds that the allegations in plaintiff's complaint together with the evidentiary proffers submitted in opposition to defendants' motion for summary judgment and in support of plaintiff's motion for summary judgment, could lead a rational factfinder to conclude that the

defendants used force maliciously and sadistically.  The record before this Court is replete with genuine issues of material fact concerning what transpired between plaintiff and defendants, including the events that purportedly precipitated the defendants' use of force.  Additionally, as discussed above, in order to succeed, plaintiff need not prove significant injury and the fact that he may have only suffered minor injuries does not require dismissal.  Accordingly, for the foregoing reasons, this Court finds that there are genuine issues of material fact with respect to plaintiff's claim of a violation of his rights under the Eighth Amendment.  As a result, defendants' motion for summary judgment is denied and plaintiff's motion for summary judgment is denied.

**Failure to Protect (Conditions of Confinement) Claim**

The Eighth Amendment prohibits cruel and unusual punishment that involves the unnecessary and wanton infliction of pain.  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The Eighth Amendment to the United States Constitution imposes the duty on prison officials to provide humane conditions of confinement and officials must ensure that inmates receive adequate food, clothing, shelter and medical care.  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  In order to prevail on a claim of a violation of the Eighth Amendment, a plaintiff must satisfy both an objective and subjective component.  First, the deprivation must be, objectively, sufficiently serious, such as "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'"  *Id*. at 834, *citing Rhodes*, 452 U.S. at 347.  The second component requires that the prison official have a "sufficiently culpable state of mind."  *Id*.  In cases

such as this, the state of mind is one of deliberate indifference to the health and safety of an inmate. *Id*.

Conditions of confinement inflict cruel and unusual punishment when they result "in unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, conditions that are "restrictive and even harsh" are "part of the penalty that criminal offenders pay for their offenses against society." *Id*. With respect to the subjective component, a prison official will not be held liable for inhumane conditions, "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The Supreme Court of the United States adopted "subjective recklessness" as is used in criminal law as the test for "deliberate indifference" under the Eighth Amendment. *Id*. at 839-40.

Here, plaintiff complains defendant that Mackay violated his Eighth Amendment rights by failing to protect him from defendant Weed. Specifically, plaintiff alleges that,

> [o]n 12/25/02, Defendant Mackay, acting under color of state law. [sic] Acting with deliberate indifference to Plaintiff [sic] well-being. [sic] And acting with actual knowledge that impending harm to plaintiff was easily preventable. Defendant Mackay, subjected Plaintiff to cruel and unusual punishment, when he ordered defendant Weed, to strike

> Plaintiff with his baton. And thereby, violated Plaintiff [sic]
> right's [sic] secured under the Eighth Amendment, to be free
> from cruel and unusual punishment.

Dkt. #5, ¶ 27. In support of their motion for summary judgment, defendants maintain that plaintiff is unable to demonstrate that he faced conditions posing a substantial risk of serious harm while incarcerated at Southport. Dkt. #27, p.9. Moreover, defendants contend that plaintiff cannot show that defendant Mackay acted with deliberate indifference. *Id*. at p.10. Specifically, defendants argue that defendant Mackay's order to defendant Weed to strike plaintiff's left wrist with the baton was "not a condition which defendant Mackay could have been aware of that posed a substantial risk of serious harm to plaintiff." *Id*. In fact, defendants state, "[t]he order to strike plaintiff's arm was an immediate reaction to a threat posed by the plaintiff to CO Weed." *Id*. Finally, defendants contend that because plaintiff did not sustain a serious injury, the use of force was "not sufficiently serious to invoke an Eighth Amendment constitutional violation." *Id*.

As discussed above, the record before this Court is replete with genuine issues of material fact concerning what transpired between plaintiff and defendants, including the events that purportedly precipitated the order and subsequent use of force. Moreover, significant issues of fact exist with respect to whether defendant Mackay knew that plaintiff faced a substantial risk of serious harm, especially in light of the undisputed fact that defendant Mackay ordered defendant Weed to strike plaintiff with his baton. Accordingly, for the foregoing reasons, this Court finds that there are

genuine issues of material fact with respect to plaintiff's claim failure to protect in violation of his rights under the Eighth Amendment. As a result, defendants' motion for summary judgment is denied and plaintiff's motion for summary judgment is denied.

**Qualified Immunity**

Finally, defendants claim that they are entitled to qualified immunity because they acted in an objectively reasonable manner at the time of their actions and that defendants' actions, ordering a use of force and the subsequent use of force, "did not violate a clearly established statutory or constitutional right of which a similarly situated reasonable official should have known." Dkt. #27, p.14.

Government officials are "'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Layne*, 526 U.S. 603, 614, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999), *quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

> The qualified immunity defense requires consideration of the clarity of the law establishing the right allegedly violated and whether a reasonable person, acting under the circumstances then confronting a defendant, would have understood that the applicable law was being violated. These inquiries combine to form a standard that the Supreme Court has called "objective legal reasonableness," that is, whether it was objectively reasonable for a defendant to think that the challenged conduct did not violate the plaintiff's clearly established rights.

*Vega v. Miller*, 273 F.3d 460, 466 (2d Cir.2001) (internal citations omitted). A defendant is entitled to qualified immunity if (1) his or her actions did not violate clearly established law or (2) it was objectively reasonable to believe that his or her actions did not violate such law. *Warren v. Keane*, 196 F.3d 330, 332 (2d Cir.1999). It has been said that:

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, ... but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (citations omitted). Thus, the doctrine of qualified immunity operates to ensure that before they are subjected to suit, officers are on notice that their conduct is unlawful. *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002).

In the instant case, the Court has no doubt that reasonable prison officials would understand that the malicious and sadistic use of force and the failure to protect a prisoner from such a use of force, as plaintiff asserts, constitutes a violation of the Eighth Amendment. Accordingly, neither defendant Mackay nor defendant Weed are entitled to qualified immunity on the current record.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (Dkt. #22) is **DENIED** and plaintiff's motion for summary judgment (Dkt. #31) is **DENIED**.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

DATED:  Buffalo, New York
April 24, 2009

s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**
